IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY GRANDISON, #172622
        Petitioner                  :

        v.                                :        CIVIL ACTION NO. AW-04-3814

UNITED STATES PAROLE COMMISSION,  :
        Respondent

## **MEMORANDUM**

Petitioner, currently under sentence of death imposed by the State of Maryland and housed at the State's Maryland Correctional Adjustment Center ("MCAC"), seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 or, alternatively, mandamus relief under 28 U.S.C. § 1361. He also is serving an aggregate life sentence, imposed in this Court in Criminal No. 83-0200, for conspiracy to violate civil rights and witness tampering, and an additional federal sentence for distribution of cocaine and heroin and possession of a firearm by a convicted felon, imposed by this Court in Criminal No. JM-82-0501.

The Commission, through counsel, has responded to the Petition, and Petitioner has filed a reply. Paper Nos. 1, 4 and 7. No hearing is needed to resolve the issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

### I. Claims

Petitioner complains that he is not receiving interim parole review by the United States Parole Commission every two years, in violation of his right to due process. He further argues: that his due process rights have been violated because he should receive in-person, rather than on-the-record, interim hearings; that there are new developments in his case that would warrant a change in the Commission's decision; and that he has not been able to present these developments to the Commission as a result of the

Commission's failure to grant him a review. He also argues that the National Appeals Board improperly calculated the date on which he will be given further parole consideration.

## II. Procedural History

A brief recitation of Petitioner's criminal history is important to resolution of this case.[1] On May 11, 1983, Petitioner was convicted of the drug and firearm charges in Criminal No. JH-82-0501. Paper No. 4, Exhibits B and C. Thereafter, he attempted to silence the witnesses in that case, resulting in the conspiracy conviction in Criminal No. HM-83-0200. *Id.*, Exhibit D. He received an aggregate life sentence. He was then convicted in the Circuit Court for Somerset County of two counts of murder, one count of conspiracy to commit murder, and a handgun violation stemming from the killing of the witnesses. *Id.*, Exhibit E. On June 6, 1984, the State sentenced him to death for each of the murders.[2] *Id.*

Petitioner has remained in State custody, awaiting execution. On November 9, 1992, he became eligible for parole from his aggregate life sentence imposed in this court.[3] *See* 18 U.S.C. § 4205(a); *see also* Paper No. 4, Exhibit A at 3. Petitioner failed to affirmatively request parole review at that time. On December 30, 1996, he wrote the Commission attempting to gain review of his case. Paper No. 4, Exhibit F. Thereafter, he sought habeas corpus relief in this Court, based upon the Commission's failure to promptly provide him an in-person parole hearing. *See Grandison v. Department of Justice, et al.*, Civil

---

[1] Despite Petitioner's assertions to the contrary, the undersigned has relied on the government's factual recitation of case history, which is borne out by various court records related to Petitioner's many federal and state criminal and civil actions.

[2] He received a sentence of life plus ten years and a consecutive twenty year sentence for the conspiracy and handgun convictions. *Id*. The death sentence was vacated in July of 1992; Grandison was resentenced by a jury in June of 2004 and the two death sentences were again imposed.

[3] In order to receive parole consideration from the Commission, a federal prisoner must execute an official application using a Commission-approved form. *See* 28 C.F.R. § 2.11(a). If a prisoner fails to properly apply, he waives his right to parole consideration. *See* 28 C.F.R. § 2.11(c).

Action No. S-97-2420 (D. Md. 1997). On September 30, 1997, the Commission provided Petitioner with a parole application form. Paper No. 4, Exhibit G. Thereafter, the Honorable Frederic N. Smalkin held that the Commission's on-the-record parole review regulation for prisoners incarcerated in state prisons comported with 18 U.S.C. § 4206, and Petitioner was scheduled to receive such review. Civil Action No. S-97-2420 was dismissed as moot. *See Grandison v. Department of Justice, et al.*, Civil Action No. S-97-2420, Paper Nos. 4 and 6; *see also* Paper No. 4, Attachments 2 and 3.

On January 8, 1998, Petitioner executed an official parole application. Paper No. 4, Exhibit H. Two months later, on March 18, 1998, he filed another petition for habeas corpus relief in this Court, again complaining that he would not receive an in-person hearing. He also requested that the Commission complete an immediate review of his case. On March 30, 1998, Judge Smalkin denied the petition, again finding that the Commission's policy for on-the-record review for prisoners not in federal custody was permissible, and concluding that any delay in obtaining federal parole review caused Petitioner no harm, inasmuch as he would remain on Maryland's death row even if federal parole ultimately was granted. *See Grandison v. United States Parole Commission,* Civil Action No. S-98-803; *see also* Paper No. 4, Attachment 5. After receiving additional documents from Petitioner, an institutional conduct report from the Maryland Division of Correction, and various federal agencies, the Commission denied parole and ordered that Petitioner be continued to a fifteen-year reconsideration hearing. Paper No. 4, Exhibits I - Q. Petitioner appealed to the Commission's National Appeals Board. *Id.*, Exhibit R. On May 27, 1999, the Board modified the Commission's decision from a fifteen-year reconsideration hearing to a continuance to the expiration of Petitioner's

federal sentence. *Id.*, Exhibit S.

On September 2, 2004, the Commission received a letter from Petitioner regarding interim review of his case. *Id*., Exhibit T. The Commission initiated steps to provide Petitioner an interim on-the-record review. *Id*., Exhibit U. It appears that once additional paperwork is received, an interim on-the-record review will be held. *Id*., Exhibits V-W.

### III. Analysis

Turning now to Petitioner's arguments, it is apparent that he is not entitled to relief in this case. As noted above, Petitioner may request interim parole consideration every two years, and may request the appropriate form to initiate such review from the Commission.[4] He apparently has initiated another interim review, and it appears that the review will take place as soon as the necessary records are in order. He has been given the opportunity to present in writing any "new developments" relevant to his case, and clearly should do so at this time, prior to the Commission rendering an interim decision. His argument that he is entitled to in-person, rather than on-the-record, interim review has been fully litigated in this Court and will not be addressed again. *See Sanders v. United States*, 373 U.S. 1, 12 (1963). In any event, it is clear from the decision in Civil Action No. S-97-2420 that the Commission's on-the-record procedure for federal convicts also incarcerated in state institutions is lawful. Petitioner, serving a state sentence on Maryland's death row, simply is not entitled to the in-person parole hearing he seeks.

Petitioner's claim that the National Appeals Board improperly calculated the date on which he will be given further parole consideration has not been addressed by Respondent. Nonetheless, that claim, too,

---

[4] Even if the onus were on the Commission to provide interim review every two years regardless of whether Petitioner requested same, a delay in on-the-record review does not warrant habeas relief, where a late on-the-record hearing then occurs. *See Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1181 (8th Cir. 1990). This is especially true where, as here, the Petitioner cannot demonstrate any prejudice as a result of the delay. *See generally Sacasas v. Rison*, 755 F.2d 1533, 1535 (11th Cir. 1985) (prisoner must show actual prejudice as a result of the delay).

is subject to dismissal. Ordinarily, a federal court does not have jurisdiction to review a substantive decision of the Parole Commission, but is only permitted to determine whether the Parole Commission has violated the Constitution or exceeded its statutory authority. *Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1182-83 (8th Cir.1990); *Larson v. United States*, 907 F.2d 85, 86-87 (8th Cir.1990). Even if this Court assumed a basis for jurisdiction, however, review of the matter would be time-barred.. The Board's decision was rendered on May 27, 1999. The instant habeas corpus action was filed in December of 2004, five and one-half years following the final decision of the Board. The one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(D) applies to a challenge of a parole decision, since such a decision also attacks custody. *See Wade v. Robinson*, 327 F.3d 328, 330 (4th Cir.), *cert. denied*, 540 U.S. 912 (2003).

      Accordingly, a separate Order shall be entered denying habeas corpus relief and dismissing this case.

<u>May 10, 2005</u>                              _____"s"_____
(Date)                                            Alexander Williams, Jr.
                                                    United States District Judge